**UNITED STATES of America**

v.

**Jason M. DUMENY**

No. 03–CR–32–B–W.

United States District Court, D. Maine.

Jan. 6, 2004.

Perry H. O'Brian, Bangor, ME, for Jason M Dumeny (1), Defendants.

Timothy D. Wing, U.S. Attorney's Office, Bangor, ME, for USA, Plaintiff.

## ORDER

WOODCOCK, District Judge.

This matter originally came before the Court, pursuant to Title 18, United States Code, Section 4241, on a motion to determine competency of Defendant Jason M. Dumeny. On July 30, 2003, the Court held a competency hearing and found by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Pursuant to the Court's Order dated July 30, 2003, the United States Department of Justice, Federal Bureau of Prisons, conducted an examination of the Defendant pursuant to Title 18, United States Code, sections 4241(d) & (e), to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed.

On December 12, 2003, the Court received a request from A.F. Beeler, Warden, Federal Medical Center, Butner, North Carolina, to involuntarily treat the Defendant with psychotropic medications for a four (4) month period in order to restore his competency to proceed to trial. In support of the request was a seventeen (17) page Forensic Evaluation Report prepared by Jill R. Grant, Psy.D., and Bruce Berger, M.D., of the Federal Bureau of Prisons, Federal Medical Center, Butner, North Carolina, which recommended treatment with mood stabilizing and/or antipsychotic medications. In the absence of involuntary treatment, it was recommended that the Defendant be returned to Court for further disposition as appropriate, since in the opinion of the evaluators, continued hospitalization without medication would be of no further benefit.

On December 18, 2003, the Court held a conference of counsel and having reviewed the Beeler request and supporting report and the record in this case, finds insufficient important governmental interests as set forth in *Sell v. United States*, 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197, to warrant an order to involuntarily treat the Defendant with psychotropic medications in order to restore his competency to proceed to trial. Under *Sell*, the court must consider four factors before ordering the involuntary treatment of a Defendant: (1) the court must find that "*important* governmental interests are at stake"; (2) the court must conclude that "involuntary medication will *significantly further* those concomitant state interests"; (3) the court must conclude that "involuntary medication is *necessary* to further those interests"; and, (4) the court must conclude that "administration of the drugs is *medically appropriate*." *Sell*, 539 U.S. at ——, 123 S.Ct. at 2184 (emphasis in the original).

The *Sell* court explained the analytic process under the first criterion. The court must consider "the facts of the individual case in evaluating the Government's interest in prosecution." *Id.* Mr. Dumeny is currently charged under 18 U.S.C. § 922(g)(4) with possession of firearms by a person previously committed to a mental health institute. Without diminishing the potential seriousness of this charge, which carries significant potential penalties, *see* 18 U.S.C. § 924(a)(2), it is noteworthy that Mr. Dumeny has been charged with possession only. He has not been charged with improper use of the firearms. Although the Forensic Evaluation Report makes reference to Mr. Dumeny's violent proclivities, the only criminal charge before the court at this time is the possession

charge. This court concludes in view of the pending charge, the government interest at stake is insufficient for this court to mandate intrusive involuntary treatment of Mr. Dumeny.[1]

This Order should not be construed as implying any disapproval of the findings and recommendations in the Forensic Evaluation Report. To the contrary, Drs. Grant and Berger have performed a thorough and detailed evaluation and their treatment recommendations are thoughtful and professional. If Mr. Dumeny were to agree to the recommended treatment, Drs. Grant and Berger are optimistic that the course of drug therapy would result in a substantial amelioration of Mr. Dumeny's psychological symptoms with manageable side effects. The issue before the court is not whether Mr. Dumeny should voluntarily accept treatment, but whether the court should order him to do so against his will.

**IT IS ORDERED THAT:**

Pursuant to Title 18, United States Code, section 4241(d), the request to involuntarily treat the Defendant with psychotropic medications in order to restore his competency to proceed to trial is DENIED.

Pursuant to Title 18, United States Code, Section 4246(a), the Court further orders an examination and report as to whether the Defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Upon completion of the above examination and report, the Defendant shall be returned to the District of Maine for a hearing pursuant to Title 18, United States Code, Section 4246.

A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the further examination and hospitalization of the Defendant, and return to the District of Maine as required by this Order.

Upon Defendant's return to the District of Maine, the U.S. Marshal shall immediately notify the Court of that fact.

The period of commitment from the date of this order shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

---

1. Furthermore, the recommended treatment protocol would require the initial administration of "an injectable antipsychotic medication". Under *Sell,* the court must consider alternative, less intrusive methods of treatment (non-drug therapy) before ordering the involuntary administration of medication. It is a logical extension of *Sell* to apply the same rationale to the involuntary injection of medication. Based on the record before it, the court could not conclude that an alternative, less intrusive method of treatment, namely a regime of oral medication, has been exhausted and would be unlikely to restore the Defendant to competence.