NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2930
_____

UNITED STATES OF AMERICA

v.

DAANIYAL MUHAMMAD,
a/ka/ Kalil, a/k/a Officer Lil,
Appellant

_____

On Appeal from the United States District Court
for the District of Eastern Pennsylvania
(D.C. No. 2-07-cr-00737-004)
District Judge: Honorable Eduardo C. Robreno

_____

Argued October 13, 2010

Before: FUENTES, JORDAN and ALDISERT, Circuit Judges.

(Filed: October 28, 2010)

Peter A. Levin, Esq.  (ARGUED)
1927 Hamilton Street
Philadelphia, PA 19130

　　　*Counsel for Appellant*

Salvatore L. Astolfi, Esq.   (ARGUED)
Kathy A. Stark, Esq.

Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Daaniyal Muhammad appeals from the District Court for the Eastern District of Pennsylvania, which ordered that he be made fit for trial by medicating him against his will. In limited circumstances, Sell v. United States, 539 U.S. 166 (2003), authorizes such orders if the Court makes four predicate findings. Before a court reaches Sell's four-part inquiry, however, the government ordinarily must show why medication cannot be administered pursuant to other procedures, such as those described in Washington v. Harper, 494 U.S. 210 (1990), or 28 C.F.R. § 549.43. United States v. Grape, 549 F.3d 591, 599 (3d Cir. 2008) ("We do not reach consideration of the four-factor Sell test unless an inmate does not qualify for forcible medication under Harper"). This case is unusual in that Muhammad expressly waived any claim or right he may have had under Harper or § 549.43. As a result, the sole question we must answer is whether the District Court properly applied Sell. We hold that it did, and will affirm.[1]

I.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 because Muhammad was charged with violating the laws of the United States. We have jurisdiction under the collateral order exception to 28 U.S.C. § 1291. Grape, 549 F.3d at 597.

We write for the parties in this case only, and we state the facts and the District Court procedures only as necessary to explain our reasoning.

Muhammad, who was indicted for conspiring to distribute crack cocaine, suffers from schizophrenia and other mental disorders. Although profoundly disabled by these diseases, Muhammad refuses antipsychotic medication, and declines to participate in psychotherapy or any other form of mental health treatment. In his un-medicated state, he is unable to appreciate the charges against him or to assist in his defense, and as a result he is unfit to stand trial. To restore Muhammad's competency, the government moved for the District Court to order him medicated pursuant to Sell. The District Court granted the government's motion after applying Sell's four-part balancing test, and Muhammad appealed.

Before oral argument, we requested additional briefing on whether Muhammad's condition poses a danger to himself or others, thus triggering the due process procedures mandated by § 549.43 and Harper, 494 U.S. at 210. The government contended that Harper and § 549.43 were not relevant and Muhammad agreed, stating that they were "not appropriate in this case as there was no evidence that Appellant posed a danger to others." Because neither party disputed Muhammad's rights or remedies under Harper and § 549.43, we do not reach those issues. See United States v. Hernandez-Vasquez, 513 F.3d 908, 915 (9th Cir. 2008) (holding that a district court did not err in "honoring the parties' agreement to proceed directly to the Sell inquiry.").

## II.

We begin with the law of pre-conviction involuntary medication. If, as in this case,

3

a district court finds a criminal defendant is incompetent to stand trial, the court must commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241. The Attorney General must hospitalize and treat the defendant until competency returns, unless medical professionals determine that to do so would require an unreasonable amount of time. Id. § 4241(d).

While in the Attorney General's custody, inmates maintain substantial liberty interests, including the interest in avoiding unwanted medication. Harper, 494 U.S. at 229 ("The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty."). "In the case of antipsychotic drugs," like the ones Muhammad may be given, "that interference is particularly severe: [t]he purpose of the drugs is to alter the chemical balance in a patient's brain, leading to changes, intended to be beneficial, in his or her cognitive processes. While the therapeutic benefits of antipsychotic drugs are well documented, it is also true that the drugs can have serious, even fatal, side effects." Riggins v. Nevada, 504 U.S. 127, 134 (1992) (citations omitted).

Nonetheless, upon "a finding of overriding justification and a determination of medical appropriateness," a defendant's liberty interest may yield to the legitimate needs of government. Id. at 135. The Sell Court recognized that Riggins "will permit involuntary administration of drugs solely for trial competence purposes in certain instances," adding, "[b]ut those instances may be rare." 539 U.S. at 180; cf. United States v. McCray, 474 F. Supp. 2d 671, 678 (D.N.J. 2007); United States v. Dumeny, 295 F. Supp. 2d 131, 132-133 (D. Me. 2004). Sell authorizes such orders only in the limited

4

circumstances where (1) important governmental interests are at stake, (2) involuntary medication will significantly further those concomitant state interests, (3) involuntary medication is necessary to further those interests, and (4) involuntary medication is medically appropriate, i.e., in the patient's best medical interest in light of his medical condition. 539 U.S. at 180-181; see also United States v. Gomes, 387 F.3d 157, 160 (2d Cir. 2004).

### III.

We will affirm the District Court's order. The absence of dispute regarding Harper and § 549.43 limits us to the narrow question of whether the Court properly applied the four Sell factors. We have reviewed the record and we are satisfied that the Court's opinion responded to the contentions Muhammad has made before us. We will affirm its judgment without further discussion.